J-S38026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CASHEEM PIERCE, | |
| Appellant | No. 2677 EDA 2015 |

Appeal from the PCRA Order of August 12, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001705-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                      **FILED JULY 12, 2016**

Appellant, Casheem Pierce, appeals *pro se* from the order entered on August 12, 2015, dismissing his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> On April 18, 2013, [Appellant] entered into an open guilty plea [to three counts of possession with intent to deliver narcotics, 35 P.S. § 780–113(a)(30)].  [Appellant] was sentenced on August 23, 2013 [to an aggregate term of five to 10 years of imprisonment].  [Appellant] did not file a post-sentence motion or a [n]otice of [a]ppeal.  On March 28, 2014, [Appellant] filed a PCRA [petition].  Counsel was appointed for [Appellant].  The first PCRA [p]etition was denied and dismissed on December 16, 2014.  [Appellant] did not appeal that [o]rder.
>
> [Appellant's] second PCRA [p]etition was filed as a [m]otion to [m]odify [s]entence on April 17, 2015.  The overall basis for the [p]etition [was Appellant's] allegation that his

sentence is illegal based on the unconstitutionality of mandatory minimum sentences. [Appellant] relie[d] on the rulings in *Alleyne v. United States*, 133 S. Ct. [2151] (2013) and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. 2014).

PCRA Court Order, 8/12/2015, at 1 n.2. The PCRA court denied relief by order dated August 12, 2015. This timely appeal resulted.

On appeal, Appellant presents the following issues, *pro se*, for our review:

I. Did the PCRA [c]ourt err in denying [Appellant's] PCRA [p]etition as facially untimely when fundamental fairness demands a liberally construed Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) Rule 302 due to the fact that [Appellant] originally filed a "[m]otion to [m]odify [s]entence?"

II. Did the PCRA [c]ourt err in denying [Appellant's] PCRA [p]etition without a hearing when [Appellant] was sentenced on August 23, 2013; subsequent to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. [2151] (2013) rendered on June 17, 2013, which stare decisis requires prospective application of the "new rule" announced in *Alleyne* in the case sub judice?

III. Did the PCRA [c]ourt err in denying [Appellant's] PCRA [p]etition without a hearing when [Appellant's] sentence is unconstitutional, ergo illegal under the "new rule" announced in *Alleyne v. United States*, 133 S. Ct. (2013) and is "forever void" ab initio thereby lacking statutory authorization, for which through inherent power the PCRA [c]ourt always retains jurisdiction to correct?

Appellant's Brief at 4.

All of Appellant's claims are inter-related, thus, we will examine them together. Essentially, Appellant argues his sentence is illegal because

although he pled guilty to the aforementioned charges on April 18, 2013, the trial court nonetheless imposed a mandatory minimum sentence on August 23, 2013 in violation of the United States Supreme Court's decision in **Alleyne**. Accordingly, Appellant argues he was entitled to prospective application of **Alleyne**. **Id.** at 10-13. Appellant contends "the PCRA [c]ourt always retains jurisdiction to correct his patently illegal sentence." **Id.** at 14.

The applicable scope and standard of review is well settled. "As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014). As this Court has said, "the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super 2014). "Timeliness is separate and distinct from the merits of appellant's underlying claims," and without it, "we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citations and quotations omitted). Even when a petitioner has sound, legal reasons for believing his sentence to be illegal, his claim "still must be presented in a timely PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

[The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition are met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one—year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day timeframe.

*Lawson*, 90 A.3d at 4-5.

Here, the trial court sentenced Appellant on August 23, 2013, and Appellant did not file a post-sentence motion or notice of appeal.

_____

[1]  The exceptions to the timeliness requirement are:

(i)   The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the Commonwealth or the Constitution or laws of the United States;

(ii)  The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Accordingly, Appellant's judgment of sentence became final on September 23, 2013 when the period for seeking direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903. Thus, Appellant had until September 23, 2014 to file a timely PCRA petition. Appellant filed his current PCRA petition on April 17, 2015 and, therefore, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under [the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves [one of the timeliness exceptions.").

Furthermore, this Court has previously determined that *Alleyne* is not retroactive and cannot serve as the basis for invoking the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii). *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). In *Miller*, we stated:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

\* \* \*

Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final.

This is fatal to [an a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Id.* at 994-995. Here, the PCRA court simply did not have jurisdiction to entertain Appellant's claim. *See Taylor*, 65 A.3d 465 (claims challenging legality of sentence may not be waived but must be preserved in a timely PCRA petition).

Order affirmed.

Judge Jenkins joins this memorandum. President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2016

- 6 -